**Sol J. HAZAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–557.**

United States Court of Veterans Appeals.

Oct. 10, 1996.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On July 12, 1994, the appellant filed a Notice of Appeal from a March 25, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying an earlier effective date for the grant of service connection for cervical disc disease and an earlier effective date for an increased rating for that disease, and finding that the increase to a 60% rating for congestive heart failure assigned by an August 1993 Department of Veterans Affairs regional office decision granted the appellant's claim in full. Subsequently, the parties filed briefs and the matter was submitted to this panel for decision. Upon consideration

of the record and the submissions of the parties, the Court is of the opinion that further briefing is necessary on the following questions:

(1) Does the phrase "earliest date as of which it is ascertainable that *an* increase in disability had occurred", 38 U.S.C. § 5110(b)(2) (emphasis added), refer to an increase in disability that warrants the next higher rating (40% in this case) pursuant to 38 C.F.R. § 4.7 (1995), or does it refer to any increase in the currently rated disability (here beyond the characteristics required for a 20% rating) whether or not sufficient to warrant an increase to the next higher rating?

(2) Is the meaning of "an increase in disability" in this context any different from its meaning in 38 U.S.C. § 1153 for the purpose of determining aggravation, *compare Hensley v. Brown*, 5 Vet.App. 155, 163 (1993)?

(3) Does the legislative history of section 5110(b)(2) shed any light on the proper interpretation of "an increase in disability"?

(4) Does the regulatory history of 38 C.F.R. § 3.400(*o*) (1995), the regulatory provision that implements 38 U.S.C. § 5110(b)(2), shed any light on the proper interpretation of "an increase in disability"?

(5) Assuming the Court were to conclude that a determination of "an increase in disability" pursuant to 38 U.S.C. § 5110(b)(2) requires the same increase as that required for demonstrating entitlement to an increased rating (here 40%) pursuant to 38 C.F.R. § 4.7:(a) To what extent, if any, would the doctrines of administrative collateral estoppel, issue preclusion, or res judicata (without regard to 38 C.F.R. § 3.105(a)) bar the BVA's consideration—for the purposes of assigning an effective date—of evidence (here the veteran's 1989 hearing testimony) previously considered by it (here in the March 1990 Board decision) and found not to warrant the increased rating (here 40%) later assigned; and (b) would the Court be precluded from exercising its jurisdiction because of 38 U.S.C. § 7266(a)?

(6) In determining whether an increase in disability is "ascertainable" under 38 U.S.C. § 5110(b)(2), is the "old evidence" (here the veteran's 1989 hearing testimony) to be evaluated in light of the "new" evidence (here Dr. Kucera's report), or is that determination made by considering only the "old" evidence?

On consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum addressing the foregoing questions (and providing an appendix containing copies of all referenced and/or relevant statutory or regulatory authorities or instructions or other issuances). It is further

ORDERED that the appellant may file a memorandum in response not later than 30 days after the Secretary's response is served.